**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BARBARA KOCUREK**, Individually, and as Assignee of the ESTATE OF LOUIS J. KOCUREK, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CUNA MUTUAL INSURANCE SOCIETY**<br><br>Defendant. | ) | Case No. SA-08-CA-0581-FB |

**CUNA MUTUAL INSURANCE SOCIETY'S RESPONSE TO PLAINTIFF'S SUR-REPLY IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, CUNA Mutual Insurance Society ("CUNA Mutual"), respectfully submits this Response to Plaintiff's Sur-Reply in Support of Her Response to CUNA Mutual's Motion to Dismiss ("Sur-reply").

1. Plaintiff's 17-page Sur-reply should be disregarded by this Court. "Courts have held, ... that a 'sur-reply is appropriate by the non-movant ***only*** when the movant raises new legal theories or attempts to present new evidence at the reply stage.'" *Meecorp v. Tex-Wave Industries, LP*, C.A. No. C-06-148, 2006 WL 2883054 (S.D. Tex. Oct. 5, 2006), quoting *Murray v. TXU Corp.*, C.A. 03-0888P, 2005 WL 1313412, *4 (N.D. Tex. May 27, 2005) (emphasis supplied). In this case, CUNA Mutual's Reply in Support of its Motion to Dismiss ("CUNA Mutual's Reply") was limited to the issues raised in its opening Motion and specifically addressed the arguments raised by Plaintiff in her Opposition. CUNA Mutual's Reply neither "raise[d] new legal theories or ... present[ed] new evidence." *Id.* Plaintiffs' Sur-reply concedes this fact on multiple occasions.

For instance, Plaintiff states that the purported "crux of Defendant's entire Reply" was addressed in Defendant's opening Motion in a footnote and that "[o]nce again, Defendant [in its Reply] attempts to downplay and even dismiss Plaintiff's injuries in this case." Plaintiff's Sur-reply, pgs. 2, 5. Moreover, Plaintiff's Sur-reply is replete with references to arguments made by CUNA Mutual in ***both*** its Motion and Reply and CUNA Mutual's purported "fail[ure] to address" cases cited by Plaintiff in her Opposition. Clearly, Plaintiff uses her Sur-reply to simply re-hash the same arguments raised in her Opposition to CUNA Mutual's Motion. Therefore, when adjudicating the merits of CUNA Mutual's Motion to Dismiss, the Court should entirely disregard Plaintiff's Sur-reply.

2. Furthermore, Plaintiff uses her Sur-Reply to continue her pattern of mischaracterizing Defendant's arguments in an apparent attempt to avoid the necessary dismissal of her claims. Specifically, Plaintiff argues that Defendant's Reply is based on "misstatement[s] of the facts" and the "unsubstantiated assertion" that "the T-24 Policy and the T-05 Policy are completely independent from one another." *Id.* However, it is Plaintiff, not Defendant who "misstate[s] the facts" in this case. Specifically, Plaintiff's Sur-reply asserts a new argument regarding the purported interdependency of the T-24 and T-05 policies based on the proposition that "the only reason Ms. Kocurek has been denied her rightful benefits under the T-24 Policy is because Defendant alleges that its AD&D policies prohibit Mr. Kocurek [*sic*] from being named an insured under the two policies pursuant to the one policy only provision." *Id.* This is an entirely inaccurate statement. The one policy only provision did not prohibit Mr. Kocurek from naming Ms. Kocurek as the primary beneficiary under both the T-24 and T-05 policies. Rather, the one policy only provision provides that, ***had Mr. Kocurek done so***, Ms. Kocurek would have been paid the proceeds of the policy with the highest benefit, and the policy with the lower

benefit would have been deemed void. In this case, Mr. Kocurek did not name Ms. Kocurek the primary beneficiary under both of his policies. Instead, upon deciding to purchase his second CUNA Mutual policy, Mr. Kocurek elected to name his five children as the primary beneficiaries of that policy (the T-05 policy), not Ms. Kocurek. As such, under the unambiguous language of the one policy only provision, CUNA Mutual determined that Mr. Kocurek's first policy (the T-24 policy) was void and, based on Mr. Kocurek's beneficiary designation form for the T-05 policy, the proper recipients of Mr. Kocurek's disputed insurance benefits were Mr. Kocurek's five children. Notwithstanding Plaintiff's assertions to the contrary in her Opposition and Sur-reply, CUNA Mutual's Motion and Reply contain in-depth arguments showing that the T-24 and T-05 policies issued to Mr. Kocurek are entirely separate contracts, which do not incorporate or refer to each other; they are interpreted solely on their own terms and were solicited and sold separately.

3. Finally, Plaintiff's Sur-reply contains a new characterization of her unconscionability argument. Plaintiff now asserts, without any legal support, that while unconscionability is not an "element *per se*" of a fraud claim, she asserts unconscionability as a "response to Defendant's self-proclaimed affirmative defense that there can never be a fraud claim against an insurance company because there is a purported duty on an insured to read the policy … ." Plaintiff's Sur-reply, pg. 15. With respect to her fraud claim, Plaintiff, who bears to burden of proving the elements of her claim, is apparently attempting to raise an affirmative defense to Defendant's affirmative defense. This "affirmative defense to an affirmative defense theory" is illogical and not supported by any authority. As such, the Court should entirely disregard Plaintiff's unconscionability argument.

Dated: December 1, 2008

Respectfully submitted,

By: */s/ Stephen L. Baskind*
**Stephen L. Baskind**
State Bar No. 01875600

**Kleiman Lawrence Baskind Fitzgerald LLP**
8750 N. Central Expressway, Suite 777
Dallas, Texas 75231
214.265.7400 Main
214.265.9919 Direct
214.265.7411 Facsimile
sbaskind@klbf.com

and

Roland C. Goss, Esq. (*pro hac vice*)
Robin M. Sanders, Esq. (*pro hac vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-0805
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

**Attorneys for Defendant CUNA Mutual Insurance Society**

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2008, I served by the Court electronic filing system the foregoing document to the following:

Gerald Drought
Benjamin Guerra
MARTIN & DROUGHT, P.C.
Bank of America, 25th Floor
300 Convent Street
San Antonio, TX 78205

Attorneys for Plaintiff

/s/ *Stephen L. Baskind*
Stephen L. Baskind, Esq.

**Attorney for Defendant CUNA Mutual Insurance Society**